Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Email - Bernie@TheLaborFirm.com
Tel – (502) 475-8201
*Attorney for Plaintiff Kendra Brewer*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## Portland Division

| | |
|---|---|
| **KENDRA BREWER,**  **Plaintiff,**  v.  **AVAMERE BETHANY OPERATIONS, LLC,**  **Defendant.** | Case Number 3:23-cv-1878  COMPLAINT  Title VII  42 U.S.C. § 2000e-5(f)(3)  DEMAND FOR JURY TRIAL |

1. The Plaintiff, Kendra Brewer, sues Defendant, Avamere Bethany Operations, LLC, pursuant to Title VII for sexual harassment and retaliation.

2. The Honorable Court has original jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3).

3. Venue is appropriate in the Portland Division pursuant to LR

Page 1 – COMPLAINT & JURY DEMAND

3-2(a)(1), because Defendant conducts business in Multnomah County, Oregon.

4. Plaintiff resides in Hillsboro, Oregon.

5. Defendant employs over 15 employees.

6. Plaintiff is a female.

7. Plaintiff worked for Defendant.

8. Defendant was Plaintiff's employer.

9. Plaintiff was sexually harassed by her supervisor from May 2022 through June 2022.

10. Defendant knew about the sexual harassment of its supervisor.

11. Plaintiff reported the sexual harassment to Defendant on or about June 12, 2022.

12. The supervisor is a male.

13. The supervisor sexually harassed Plaintiff.

14. This supervisor sexually harassed other similarly situated female employees.

15. The supervisor's sexual harassment was both severe and

Page 2 – COMPLAINT & JURY DEMAND

pervasive.

16. Plaintiff was subjected to verbal and visual sexual conduct.

17. Plaintiff's supervisor explicitly spoke to Plaintiff about his erections.

18. The supervisor explicitly spoke to Plaintiff about his desire to engage in sexual intercourse.

19. Defendant engaged in *quid pro quo* sexual harassment, as Plaintiff's supervisor told Plaintiff to cover an extra shift, so she could have intercourse with her husband for 15 minutes at the workplace in the closet.

20. Plaintiff's supervisor explicitly offered to perform sexual acts on Plaintiff in turn with her husband.

21. Plaintiff's supervisor would engage in physical movements with his body, hands and face when speaking about his prurient interests that magnified the harassment.

22. The supervisor's prurient conduct was unwelcome.

23. The description of taking turns on Plaintiff for the sexual enjoyment of Defendant's management employee, made Plaintiff afraid and physically sick.

Page 3 – COMPLAINT & JURY DEMAND

24. Plaintiff reported the matter to Defendant.

25. The supervisor's conduct was severe.

26. Specifically, the description of the supervisor joining Plaintiff and her husband in the marital bedroom shook the very foundation of Plaintiff's sacred relationship.

27. Defendant did not engage in isolated prurient talk and actions.

28. Defendant engaged in such filthy conduct every workday.

29. Defendant sought to entice employees to perform work in exchange for their own sexual pleasures while in the workplace.

30. Defendant, through the conduct of its Resident Care Coordinator, created an abusive work environment for Plaintiff because of her sex as well as that of other female subordinate employees.

31. The conduct was not teasing or mere inappropriate conduct.

32. It was predatory actions intended to groom subordinate employees to first discuss sex, second engage in sex while at work, and ultimately engage in sex with a management employee of Defendant.

33. Plaintiff refused to fall into the trap.

Page 4 – COMPLAINT & JURY DEMAND

34. Plaintiff reported the sexual harassment.

35. Defendant took retaliatory action against Plaintiff.

36. Defendant took prompt action to discourage reporting of sexual harassment and moving to distance Plaintiff from the workplace with the ultimate goal of termination.

37. From June 12, 2022 (the date of the reporting to Defendant) to Plaintiff's termination was merely five weeks.

38. The adverse actions actually started promptly.

39. Plaintiff filed her charge of discrimination with the EEOC within 180 days of being sexually harassed and discharged.

40. The EEOC issued a notice of right to sue letter.

41. Defendant is subject to Title VII.

42. Defendant was negligent in the training of its Resident Care Coordinator.

43. Defendant was negligent in the supervision of its Resident Care Coordinator.

44. Defendant ignored the sexual harassment.

45. Defendant permitted the sexual harassment.

46. Defendant retaliated against Plaintiff for complaining about sexual harassment.

47. Defendant did not take prompt remedial action.

48. Plaintiff files suit within 90 days of receiving her notice of right to sue.

**Count I – Sexual Harassment**

49. Plaintiff reincorporates paragraphs 1 through 48 as if stated fully herein.

50. Plaintiff was subjected to unwelcome sexual advances by her supervisor.

51. Defendant knew or should have known that Plaintiff was being sexually harassed.

52. Defendant knew that Damas Gakwasi, Plaintiff's supervisor, was a serial sexual harasser and it permitted Gakwasi to sexually harass Plaintiff as well as other employees.

53. Defendant did not take prompt remedial action.

54. Defendant sought to quiet reports of sexual harassment and took retaliatory action against Plaintiff.

Page 6 – COMPLAINT & JURY DEMAND

55. Gakwasi was Plaintiff's supervisor.

56. Gakwasi would speak to Plaintiff about his erect penis.

57. Gakwasi would speak about his desire to have sexual intercourse.

58. Plaintiff was subjected to *quid pro quo* sexual harassment.

59. Defendant is responsible.

60. Gakwasi told Plaintiff that if she covered an extra shift that she could have sex with her husband at work for fifteen minutes.

61. Gakwasi explicitly stated that he wanted to perform sexual acts on Plaintiff while she was having sex with her husband at work.

62. Gakwasi wanted to take sexual turns on Plaintiff sharing her with her husband.

63. This is the language Plaintiff was forced to tolerate while working for Defendant.

64. In addition to dirty words and thoughts, Gakwasi would engage in physical movements with his body, hands and face when speaking to Plaintiff about his prurient interests.

65. The actions of Gakwasi were horrific.

Page 7 – COMPLAINT & JURY DEMAND

66. They were unwelcome.

67. The image of Gakwasi forcing himself onto Plaintiff in coordination with her husband made Plaintiff physically sick.

68. The sexual harassment of Gakwasi was not isolated.

69. Defendant knew about Gakwasi before the union complained.

70. Defendant looked the other way.

71. Defendant knew that Gakwasi had the propensity to sexually harass female employees and it did not care until the Union filed a grievance.

72. Defendant knew about Gakwasi prior to the grievance, because Plaintiff had complained.

73. Had Defendant properly trained and supervised Gakwasi Plaintiff would not have been sexually harassed.

74. Gakwasi was the Defendant's Resident Care Coordinator.

75. Defendant does not follow its own Employee Handbook.

76. Defendant permitted Gakwasi to prey upon female employees.

77. Defendant gave Gakwasi a platform to groom employees to

Page 8 – COMPLAINT & JURY DEMAND

first talk about sex, then to have sex while at work and ultimately to have sex with him.

Wherefore, Plaintiff prays for trial by jury, judgment, back pay, compensatory damages, punitive damages, pre-judgment interest, attorney's fees, costs, post-judgment interest, and any other relief the Court deems appropriate and just.

**Count II – Retaliation**

78. Plaintiff reincorporates paragraphs 1 through 48 as if fully stated herein.

79. Plaintiff refused Defendant's sexual overtures.

80. Plaintiff reported the sexual harassment.

81. Defendant did not promptly act.

82. Defendant only discharged Gakwasi after the union filed a grievance.

83. Jess Mason, the executive director, stated that if there was continuous talk about Gakwasi that he would go on a firing spree.

84. Mason stated that everyone that complained about Gakwasi was lying.

85. Plaintiff worked the night shift, which began about 10:00 p.m.

86. On July 17, 2022, Plaintiff's shift began at on or about 10:00 p.m.

87. Plaintiff clocked in and worked.

88. Plaintiff's shift was supposed to end at 6:00 a.m. on July 18, 2022.

89. Plaintiff worked past the end of her shift.

90. Plaintiff advised Defendant that she had to leave at or about 7:00 a.m. (which is about one hour past the end of her shift).

91. After Plaintiff's shift ended, Mason told Plaintiff that he accepted her resignation.

92. Plaintiff did not resign.

93. Plaintiff immediately told Mason that she did not resign and that it was retaliatory.

94. Mason fired Plaintiff because she complained about sexual harassment.

95. The union did not represent Plaintiff.

96. Plaintiff was fired by Mason because he was upset that

Page 10 – COMPLAINT & JURY DEMAND

Plaintiff complained about sexual harassment and it created more work for him.

97. Defendant retaliated against Plaintiff in violation of Title VII, because Plaintiff engaged in protected activity under the statute by objecting to sexual harassment.

Wherefore, Plaintiff prays for trial by jury, judgment, back pay, compensatory damages, punitive damages, pre-judgment interest, attorney's fees, costs, post-judgment interest, and any other relief the Court deems appropriate and just.

Respectfully submitted this 13th day of December 2023,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Email - Bernie@TheLaborFirm.com
Tel – (502) 475-8201

*Attorney for Plaintiff*